UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR PITTS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01658- SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br>(ECF No. 11)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR A PRELIMINARY INJUNCTION<br>(ECF No. 5)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Edgar Pitts is a federal prisoner proceeding pro se and in forma pauperis in this action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's first amended complaint, filed on April 23, 2018, (ECF No. 8), and motion for a preliminary injunction, (ECF No. 5).

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF COMPLAINT ALLEGATIONS

Plaintiff names as Defendants (1) the Florence ADX Warden, Andre Matevousian; (2) Frederick Frandle, a Hearing Administrator; and (3) an unknown psychologist.

Plaintiff alleges that he was held in the SHU at Atwater U.S. Penitentiary for almost five years after being involved in a fight that resulted in the death of his cellmate. Plaintiff is currently being held in solitary confinement in the control unit at Florence ADX.

Plaintiff claims that he was denied housing in the general population and was confined in the control unit due to retaliation by Warden Matevousian. Previously, Warden Matevousian

insisted that Plaintiff volunteer to enroll in the Secure Mental Health Stepdown Program, or threatened that he would be held in the SHU indefinitely. Plaintiff declined this ultimatum. Plaintiff then filed a "Sensitive Nine" complaint to the Western Region to challenge Warden Matevousian's threats. In retaliation and in violation of Plaintiff's First Amendment rights, the warden ordered a psychological report that stated that Plaintiff could be held in solitary confinement in the control unit at Florence ADX. Warden Matevousian was formerly the warden at Atwater U.S. Penitentiary, and is currently the warden at Florence ADX.

Plaintiff claims that an unknown psychologist conspired with Warden Matevousian to have Plaintiff sent to solitary confinement in the control unit. Namely, the unknown psychologist did not interview or evaluate Plaintiff, but wrote a memorandum indicating that Plaintiff had no mental health issues which would preclude his placement in the control unit.

Finally, Plaintiff alleges that a hearing was held regarding Plaintiff's ADX placement, and the hearing administrator was Defendant Frandle. Plaintiff alleges that Defendant Frandle followed the report of the unknown psychologist, and omitted from his hearing report a psychiatric diagnostic impression to the contrary. This was done to assist with Warden Matevousian's retaliation against Plaintiff.

### III.

### DISCUSSION

**A. Application of Supreme Court Decision of Ziglar v. Abbasi**

In Ziglar, the Supreme Court clearly stated that "expanding the Bivens remedy is now a disfavored judicial activity," and the Court has "consistently refused to extend Bivens to any new context or new category of defendants." Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) (citations omitted). The Court set forth a two-part test to determine whether a Bivens claim may proceed. The district court must first determine whether the claim presents a new context from previously established Bivens remedies. If so, the Court must then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens absent affirmative action by Congress. Id. at 1857, 1875.

///

"Since Bivens, the Supreme Court has recognized implied causes of action for damages against federal employees for only three types of constitutional violations: (1) police search and seizure in violation of the Fourth Amendment, see Bivens, 403 U.S. 388; (2) gender discrimination by a congressman in violation of the Fifth Amendment for an employee not covered by Title VII, see Davis v. Passman, 442 U.S. 228 (1978); and (3) deliberate indifference toward a prisoner in violation of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980)." Adralan v. McHugh, No. 1:13-CV-01138-LHK, 2013 WL 6212710, at *10 (N.D. Cal. Nov. 27, 2013).

In this case, Plaintiff claims that Warden Matevousian retaliated against Plaintiff in violation of his First Amendment rights to file a complaint, and that the other defendants conspired in the retaliation. This First Amendment claim presents a new context in Bivens, and the Court must proceed to consideration of the special factors.

If the claim presents a new context in Bivens, the Court must consider whether there are special factors counseling against extension of Bivens into the area. "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Ziglar, 137 S. Ct. at 1857-58. The Court should assess the impact on governmental operations system-wise, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

The Supreme Court has never implied a Bivens action under any clause of the First Amendment. See Reichie v. Howards, 566 U.S. 658 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."); Ashcroft v. Iqbal, 556 U.S. at 675 (assuming without deciding that Bivens extended to First Amendment claim). In addition, the Supreme Court declined to extend Bivens to a First Amendment free speech claim relating to federal employment noting "that Congress is in a better position to decide" the issue. Bush v. Lucas, 462 U.S. 367, 390 (1983).

Also, Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process, which Plaintiff alleges that he utilized in this case. (See First. Am. Compl at 2.) See Wilkie v. Robbins, 551 U.S. 537, 550 (2007). see also Correctional Services Corp. v. Malesko, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.") (citation omitted). In addition, the fact that Congress has not extended Bivens to claims under the First Amendment is itself a factor counseling hesitation. Ziglar, 137 S. Ct. at 1865.

Based on the foregoing, the Court finds that under the analysis set forth in Ziglar, there is no implied right of a Bivens action for a First Amendment retaliation claim, and this action should be dismissed.

**IV.**

**CONCLUSION**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim under Bivens; and

2. Plaintiff's motion for a preliminary injunction, filed on February 26, 2018 (ECF No. 5), be denied, as moot.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

///

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 10, 2018**

_____
UNITED STATES MAGISTRATE JUDGE